IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER LEE OUTLEY,              No. CIV S-06-2271-MCE-CMK-P

        Plaintiff,

   vs.                                                           ORDER

GLENN N. JAMES,

        Defendant.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1), filed on October 16, 2006. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).

        Plaintiff names Glenn N. James, M.D., a prison doctor, as the defendant. Plaintiff states that, on October 23, 2005, he injured his right middle finger and was taken to the Central Treatment Center for emergency medical treatment. Plaintiff alleges that defendant "observed" his finger and "informed plaintiff that the plaintiff's injured finger was just dislocated." He states that defendant then grabbed his injured finger and "began pulling the plaintiff's injured

1  finger hard without any anesthesia." According to plaintiff, defendant then administered two
2  injections of lidocaine into the injured finger, one on the left side of the finger, and one on the
3  right side.  Plaintiff states that, after the injections, his finger became numb and defendant again
4  pulled the injured finger.
5          Plaintiff alleges that, the following day, he reported to the medical technician that
6  his finger was swollen and was causing him extreme pain.  Plaintiff states that the medical
7  technician said that, because it was the weekend, he would have to wait until Monday.  On
8  Monday plaintiff was escorted back to the Central Treatment Center, where an x-ray was taken.
9  The x-ray technician informed plaintiff that he had a "50% dislocation with a fracture."  Plaintiff
10  was then seen again by defendant.  Plaintiff states that defendant said "What did you do?  I
11  thought I had put it back in place."  He told defendant that he had not done anything to his
12  finger.  According to plaintiff, defendant then repeated the lidocaine injection procedure.
13  Plaintiff states that defendant then grabbed and pulled his injured finger extremely hard until he
14  "felt and heard his injured finger tear and snap."  Plaintiff was then taken for more x-rays.
15  Plaintiff claims that defendant then told the x-ray technician: "This time make the x-rays look
16  right."  Defendant then replaced the splint on plaintiff's injured finger.
17          Despite reporting continuing pain and swelling, plaintiff was not seen again by
18  any medical personnel until three weeks later when he was seen by defendant.  Plaintiff alleges
19  that, at this visit, defendant "only looked at the plaintiff's injured finger."  Following all of this,
20  plaintiff filed an inmate grievance "claiming medical negligence on the part of defendant
21  James."  According to plaintiff, after he filed the grievance he was taken to Northern Nevada
22  Medical Center where surgery was performed on plaintiff's finger.  Plaintiff states:
23
> . . . [The surgeon] informed the plaintiff that if the plaintiff would have been seen . . . a month earlier he would have been able to repair the plaintiff's injured finger so that the plaintiff would be able to bend plaintiff's finger again, but since the plaintiff was seen after a whole month had past [sic] by, [the surgeon] would not be able to repair plaintiff's injured finger so that it would be able to bend.

24
25
26

1  Plaintiff states that another surgery was performed nine months later and that prison medical
2  officials were instructed to remove the sutures at a later date.  According to plaintiff, that date
3  has past and the sutures have not been removed and that the "skin has grown over the sutures
4  within the plaintiff's injured finger."
5          At first blush, it would seem that the gravamen of plaintiff's complaint is a claim
6  based on professional negligence, which would not be cognizable in an action under § 1983.
7  The court notes, however, plaintiff's allegation that, after the injection procedure at the second
8  examination, defendant told the x-ray technician to "make the x-rays look right."  If true, this
9  suggests that defendant knew that the pulling and injection procedure would have no effect and
10 that it was up to the x-ray technician to cover up by somehow manipulating the x-ray image to
11 show that plaintiff's finger had, in fact, been effectively treated.  This in turn suggests an
12 improper motive behind defendant's pulling and injection procedure, perhaps even the desire to
13 inflict pain.
14         The complaint thus appears to state a cognizable claim for relief pursuant to 42
15 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations are proven, plaintiff has a
16 reasonable opportunity to prevail on the merits of this action.  The court, therefore, finds that
17 service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs.
18 Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies
19 with this order.  Plaintiff is warned that failure to comply with this order may result in dismissal
20 of the action.  See Local Rule 11-110.
21         Accordingly, IT IS HEREBY ORDERED that:
22         1.      Service is appropriate for the following defendant(s):
23                 JAMES;
24         2.      The Clerk of the Court shall send plaintiff one USM-285 form, one
25 summons, an instruction sheet, and a copy of the complaint filed; and
26 / / /

3.      Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a.   The completed Notice of Submission of Documents;

    b.   One completed summons;

    c.   One completed USM-285 form(s); and

    d.   Two copies of the endorsed complaint.

DATED:   December 8, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER LEE OUTLEY,      No. CIV S-06-2271-MCE-CMK-P
    Plaintiff,
  vs.
GLENN N. JAMES,
    Defendant.
                         /

NOTICE OF SUBMISSION OF DOCUMENTS

Plaintiff hereby submits the following documents in compliance with the court's order:

    __1__   completed summons form;
    ____   completed USM-285 form(s); and
    ____   copies of the complaint.

DATED: _____           _____
                                                        Plaintiff