IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER LEE OUTLEY,   No. CIV S-06-2271-MCE-CMK-P

    Plaintiff,

  vs.   ORDER

GLENN N. JAMES,

    Defendant.

_____/

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are: (1) plaintiff's second motion for appointment of counsel (Doc. 19); and (2) plaintiff's document entitled "Request for Production of Documents" (Doc. 20), which the court construes as a motion to compel discovery responses.

    As to plaintiff's motion for appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court

1

does not at this time find the required exceptional circumstances.

As to plaintiff's motion to compel production of documents, the motion is defective. Plaintiff alleges that defendants have not provided him with any responses to various discovery requests he served in June 2007. Federal Rule of Civil Procedure 37(d) provides, in pertinent part, as follows:

> If a party...fails...to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or...to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraph (A), (B), and (C) of subdivision (b)(2) of this rule.

In this case, plaintiff has not established proper service of his discovery requests by, for example, providing the court with copies of the discovery requests at issue along with proof of service thereof on defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel is denied; and

2. Plaintiff's motion to compel is denied, without prejudice.

DATED: August 14, 2007.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE