1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CHRISTOPHER LEE OUTLEY,              No. CIV S-06-2271-MCE-CMK-P

12                  Plaintiff,

13          vs.                           <u>ORDER</u>

14   GLENN N. JAMES,

15                  Defendant.

16   _____/

17            Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's request for leave to file an amended

19   complaint (Doc. 34), filed on October 25, 2007.  Pursuant to court order, defendant filed a

20   response on November 15, 2007 (Doc. 37).  Also before the court is defendant's request for

21   extension of the dispositive motion cut-off date (Doc. 40).

22            This action currently proceeds on the original complaint filed October 16, 2006.

23   Plaintiff seeks to amend the complaint "per the names and information that plaintiff has recently

24   obtained through Discovery."  He has submitted a proposed first amended complaint.  Plaintiff

25   seeks to amend in order to add new allegations as to two new defendants – D.L. Runnels, the

26   / / /

                                                   1

prison warden, and S.M. Roche, the prison chief medical officer.  As to Runnels, plaintiff states:

> Plaintiff made several attempts to shed light upon his inadequate medical
> care plaintiff had been receiving from "HDSP" medical personnel.
> Plaintiff wrote the "Warden" a [sic] informal letter on November 25, 2005,
> plaintiff never received a response.  nor did plaintiff's medical treatment
> get any better.  D.L. Runnels has been aware of plaintiff's medical injury.

As to Roche, plaintiff states:

> On August 14, 2006, and September 21, 2006, plaintiff's request for
> authorization of temporary removal for treatment was signed by S.M.
> Roche Chief Medical Officer.  Plaintiff have had four surgeries conducted
> on his right middle finger and made countless trips to Reno, Nevada's
> Orthopedic Clinic from November 21, 2005, to September 12, 2007, until;
> Rita Davis claims that S.M. Roche sent her to see me in facility/B clinic on
> April 9, 2007; S.M. Roche has been aware of plaintiff's injury since
> November 21, 2005.

From these allegations, it appears that plaintiff is asserting supervisory liability against Runnels

and Roche.  In opposition to plaintiff's motion for leave to amend, defendant James argues:

> With respect to adding new parties, there is no indication in
> Plaintiff's motion to amend his complaint that he was unaware of Warden
> Runnels' and Chief Medical Officer Roche's identities at the time he filed
> his original Complaint on October 16, 2006.  Furthermore, Plaintiff's
> request is now being presented to the court some thirteen (13) months after
> the filing of his original complaint and after discovery is already closed.
> Discovery was closed on October 31, 2007, by order of this court dates
> October 1, 2007.

Defendant adds:

> An amendment at this late time will just delay these proceedings in
> that discovery will have to be re-opened and the trial date will most likely
> have to be vacated.  Furthermore, although Plaintiff was recently deposed
> at High Desert State Prison, he will have to be re-deposed once more in
> order to address his new allegations and, if allowed to add new parties, the
> newly added defendants will have to file responsive pleadings and conduct
> their own discovery.

Where leave of court to amend is sought, the court considers the following

factors: (1) whether there is a reasonable relationship between the original and amended

pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will

promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking

leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

In this case, plaintiff's proposed amendment is based on a theory of supervisory liability that Runnels and Roche are liable for the actions of defendant James because they knew of the alleged constitutional violations yet did nothing to prevent them.  Specifically, plaintiff states that Runnels was made aware of his medical problems by a November 25, 2005, letter.  Similarly, plaintiff asserts that Roche was aware of his medical problems "since November 21, 2005."  Moreover, as to Roche, plaintiff states that Roche authorized his medical treatment on August 14, and September 21, 2006.  Therefore, the court concludes that plaintiff should have known the bases for his supervisory liability claims against Runnels and Roche by the time he filed the instant action in October 2006.  To the extent plaintiff's omission of these individuals from his original complaint was an oversight, plaintiff unreasonably delayed in seeking leave to amend.  Further, granting leave to amend at this late date would certainly delay a trial on the merits of plaintiff's underlying claim against defendant James.  Similarly, granting leave to amend would not promote the speedy resolution of the controversy.   For these reasons, plaintiff's motion for leave to amend will be denied.  This action shall proceed on the original complaint against defendant James only.

As to defendant's request for an extension of the dispositive motion cut-off date, defendant seeks an extension "to some time after the court has had an opportunity to rule on plaintiff's motion to amend his complaint."  Defendant does not seek an extension to any specific date.  Given that the court today is denying plaintiff's motion for leave to amend, and the current dispositive motion cut-off date – December 31, 2007 – is after today's date, defendant's request for an extension will be denied.

1          Accordingly, IT IS HEREBY ORDERED that:

2          1.      Plaintiff's motion for leave to amend (Doc. 34) is denied; and

3          2.      Defendant's motion for an extension of the dispositive motion cut-off

4  (Doc. 40) is denied.

5

6   DATED:  December 14, 2007

7

8                                              CRAIG M. KELLISON
                                               UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4