IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEE OUTLEY, | No. 2:06-cv-02271-MCE-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| GLENN N. JAMES, | |
| Defendant. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983. The court granted defendant's motion for summary judgment and final judgment was entered on August 5, 2008. Pending before the court is plaintiff's "Motion to Vacate Judgement" (Doc. 94), signed on August 13, 2008, and filed on August 18, 2008.

The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment).

/ / /

/ / /

1

The motion must be filed no later than ten days after entry of the judgment.[1] See Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2] See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988).

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes. Relief under this rule can be granted on the court's own motion and at any time. See Fed. R. Civ. P. 60(a). However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending. See id.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. A motion for reconsideration on any of these ground must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

/ / /

/ / /

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 10-day period from the date the motion was delivered to prison authorities for mailing to the court. Otherwise, the 10-day period is calculated based on the date the motion for reconsideration is actually filed.

[2] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2). A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

1   In this case, plaintiff seeks reconsideration of the court's grant of summary judgment.
2   Therefore, plaintiff's motion is construed as brought under Rule 59(e).  Initially, the court
3   observes that, under the rule of Houston v. Lack, it is not clear whether plaintiff's motion is
4   timely.  While it was signed on August 13th – within ten days of entry of final judgment on
5   August 5th – it is not clear that it was delivered to prison officials for mailing within ten days of
6   August 5th.  The court will, however, presume the motion is timely and address its merits.
7   Plaintiff has not demonstrated grounds for relief under Rule 59(e).  Specifically, he has
8   not pointed to any new controlling law or newly discovered evidence.  Further, the court does not
9   find that entry of summary judgment was based on clear error or resulted in a manifest injustice.
10  In the instant motion for reconsideration, plaintiff merely presents the arguments he offered
11  earlier and which the court rejected.
12  Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration
13  (Doc. 94) is denied and this action remains closed.

Dated: September 8, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE